IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MORGAN and DAVID JOHNSON, on behalf of Plaintiffs and the class members described herein,<br><br>    Plaintiffs,<br><br> vs.<br><br>ROSEBUD LENDING LZO d/b/a ZocaLoans;<br>777 PARTNERS LLC;<br>TACTICAL MARKETING PARTNERS, LLC;<br>F3EA CAPITAL, LLC; F3EA SERVICING, LLC;<br>F3EA HOLDINGS, LLC;<br>and JOHN DOES 1-10,<br><br>    Defendants. | Case No.: 1:24-cv-01004 |

**JOINT MOTION TO STAY PROCEEDINGS**

The 777 Companies (777 Partners LLC, Tactical Marketing Partners, LLC, F3EA Capital, LLC, F3EA Servicing, LLC, and F3EA Holdings, LLC) jointly with Plaintiffs Morgan and Johnson, and Rosebud Lending LZO d/b/a ZocaLoans ("Rosebud Lending") (collectively the "Parties") respectfully request that this proceeding, including the deadline for the 777 Companies and Rosebud Lending to respond to the Complaint, be stayed until 30 days after the issuance of the mandate in *Al-Nahhas v. 777 Partners LLC, et al.*, which is currently set for oral argument before the Seventh Circuit Court of Appeals on April 9, 2024. Case No. 23-2723. The *Al-Nahhas* appeal concerns the enforceability of an arbitration agreement nearly identical to those entered into by Plaintiffs Morgan and Johnson. In further support of this motion, the Parties state as follows:

**BACKGROUND**

This case was filed on February 5, 2024. The 777 Companies' counsel executed and returned waivers of service on February 23, 2024. Rosebud Lending's counsel executed and

returned a waiver of service on March 5, 2024. Counsel for Rosebud Lending entered an appearance on March 8, 2024. Absent further action from the Court, the 777 Companies must respond to the Complaint by April 12, 2024 and Rosebud Lending must respond to the Complaint by April 26, 2024.

This case is the second suit filed by Plaintiffs' counsel against Rosebud Lending and the 777 Companies. The first, *Al-Nahhas v. Rosebud* (N.D. Ill. Case No. 1:22-cv-750), is stayed pending the 777 Companies' interlocutory appeal to the Seventh Circuit (Case No. 23-2723) (Plaintiffs' counsel have recently withdrawn from the Al-Nahhas case.). Rosebud Lending has settled the *Al-Nahhas* case and is no longer a party. Both cases are putative class actions involving loans made by Rosebud Lending to borrowers pursuant to consumer loan agreements containing arbitration provisions. The *Al-Nahhas* appeal places the following issues, among others, before the Court of Appeals:

1. Whether an arbitrator, and not the District Court, should hear Plaintiff's challenges to the enforcement of Plaintiff's Arbitration Agreement?

2. Whether the 777 Companies may enforce Plaintiff's Arbitration Agreement with Rosebud Lending?

3. Whether, if the District Court considers Plaintiff's challenges to the enforcement of Plaintiff's Arbitration Agreement with Rosebud Lending, whether those Arbitration Agreements contain an impermissible prospective waiver of rights or are unconscionable?

*See* ECF 20 at 3; ECF 25 at 4 (23-2723).

On March 5, 2024, Plaintiffs moved to relate this proceeding to the stayed District Court proceeding in *Al-Nahhas*. ECF 157 (1:22-cv-750). The District Court issued an order on March

2

12, 2024, staying briefing on the motion pending the resolution of the appeal. ECF 163 (1:22-cv-750).

## LEGAL STANDARD

A district court's power to stay a proceeding is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("A district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation.") (citation omitted).

In deciding whether to enter a stay, courts "consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *JAB Distribs. LLC v. London Luxury, LLC*, No. 09-c-5831, 2010 WL 1882010, at *1 (N.D. Ill. May 11, 2010) (internal citations omitted). "The proponent of a stay bears the burden of establishing its need." *Id.* (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

## ARGUMENT

**I.      This Proceeding Should Remain Stayed While the *Al-Nahhas* Appeal Is Pending.**

The Parties agree this proceeding should be stayed while the *Al-Nahhas* appeal is pending. A stay will not unduly prejudice or disadvantage any party. Guidance on the enforceability of the arbitration provision from the Court of Appeals may simplify the issues in the case. A stay will

also reduce the burden on the Parties and the Court by avoiding the need to re-brief, re-argue, or reconsider issues after a decision in the *Al-Nahhas* appeal.

      **A.**      **A stay will not unduly prejudice or tactically disadvantage any Party.**

The fact that the Parties agree on the stay demonstrates that granting the requested stay will not unduly prejudice or tactically disadvantage any Party. Courts considering motions to stay have considered the length of the delay, monetary concerns, and the nature of relief sought in the complaint. *JAB Distributors*, 2010 WL 1882010, at *3. Here, the delay is likely to be less than the 25-month anticipated delay found to be acceptable in *JAB Distributors*. *Id.* Similarly, prejudgment interest may be available should Plaintiffs ultimately prevail. *Id.* Like *JAB Distributors*, there is no request for preliminary injunctive relief before the Court that would be impacted by a stay. *Id.* Given the absence of undue prejudice or tactical disadvantage to any party, the Court should find that a stay is appropriate.

      **B.**      **A stay will simplify the issues in question.**

Stays are appropriate when the stay has the potential to "simplify the issues and streamline the trial[.]" *Id.* at *4. Here, resolution of the questions presented to the Court of Appeals in the *Al-Nahhas* appeal has the potential to simplify the issues in question. The Seventh Circuit's decision may provide guidance on who, if anyone, may enforce the arbitration agreements contained in the consumer loan agreements, and which types of challenges, if any, to those arbitration agreements may be heard by a district court rather than by an arbitrator. The resolution of those questions may greatly simplify the issues that will be presented to this Court for decision. Guidance from the

4

Seventh Circuit will assist all parties in assessing their positions in this litigation, particularly since district courts have already reached different conclusions applying the same arbitration provision.[1]

### C. A stay will reduce the burden of litigation on the Parties and on the Court.

Finally, the Court has authority to issue a stay when doing so will promote "the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n*, 410 F.3d at 980 (quotation omitted).

A stay now will reduce the burden of the case on both the Parties and the Court. This point can be best illustrated by what will likely happen in the absence of a stay. If the case proceeds, the 777 Companies will move to compel arbitration and likely raise other Rule 12 defenses on or before April 12, 2024. After the Parties fully briefed those motions, they would be ripe for consideration by the Court. The Seventh Circuit may decide the *Al-Nahhas* appeal while the matter is under consideration by the Court, necessitating supplemental briefing. Alternatively, if this Court ruled before the *Al-Nahhas* appeal was decided, the Parties might need to seek reconsideration of a ruling already made. Granting a stay now will avoid these potentially duplicative burdens on both the Parties and the Court and may narrow the issues that this Court will ultimately need to consider and decide.

---

[1] *Cf. Huntley v. Rosebud Econ. Dev. Corp.*, No. 22-cv-1172, 2023 WL 5186247 (S.D. Cal. Aug. 11, 2023) (granting motion to compel arbitration) *and Al-Nahhas v. Rosebud Lending LZO*, No. 22-cv-750, 2023 WL 5509320, at *11 (N.D. Ill. Aug. 25, 2023) (denying motion to compel arbitration) (appeal pending).

**CONCLUSION**

Accordingly, the Parties respectfully request that this proceeding, including the deadline for the 777 Companies and Rosebud Lending to respond to the Complaint, be stayed until 30 days after the issuance of the mandate in the *Al-Nahhas* appeal (Case No. 23-2723).

Respectfully submitted,

By: */s/ Patrick O. Daugherty*
Patrick O. Daugherty (*pro hac vice pending*)
Nakia Arrington (*pro hac vice pending*)
VAN NESS FELDMAN, LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
(202) 298-1800
pod@vnf.com
narrington@vnf.com

By: */s/ Tara L. Goodwin*
Daniel A. Edelman
Tara L. Goodwin
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

*Counsel for Plaintiffs*

By: */s/ Sarah A. Zielinski*
Sarah A. Zielinski
McGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
(312) 849-8288
(312) 849-3690 (FAX)
szielinski@mcguirewoods.com

*Counsel for Rosebud Lending LZO d/b/a ZocaLoans*

Dated: March 27, 2024